**Nina N. DODGE, also known as Nina N. (Dodge) Cullinan, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 67–880.

United States District Court
S. D. Florida.
July 25, 1968.

E. Jackson Boggs, Tampa, Fla., for plaintiff.

William A. Meadows, Jr., U. S. Atty., Robert L. Steuer, Asst. U. S. Atty., Miami, Fla., Russell Davis, United States Department of Justice, Tax Division, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHOATE, Senior Judge.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the following are hereby entered as the findings of fact and conclusions of law in the above-styled case. Said findings and conclusions are based on the stipulation of the parties previously filed herein and the evidence presented at the trial of this action held at West Palm Beach, Florida, on May 28 and 29, 1968.

1. Plaintiff, Nina N. Dodge, also known as Nina N. (Dodge) Cullinan, is a citizen of the United States residing in Palm Beach County, Florida.

2. The defendant, United States of America, is sovereign.

3. Plaintiff timely filed a 1961 income tax return with the District Director of Internal Revenue, Jacksonville, Florida, and paid the tax thereon shown to be due.

4. After auditing this return, the Internal Revenue Service timely assessed against plaintiff additional federal income taxes in the amount of $18,915.35, plus interest, and demands for payment were duly made.

5. On or about July 5, 1966, plaintiff paid the District Director of Internal Revenue, at Jacksonville, Florida, the additional assessment of $18,915.35, plus interest of $4,756.81 for a total payment of $23,672.16. Thereafter, on October 5, 1966, a claim for refund was filed for these amounts, and for an additional $3,602.33, plus interest.

6. No part of the amount for which said claim for refund was filed has been refunded to plaintiff.

7. Plaintiff and Henry W. Dodge, Jr. were married throughout calendar year 1961, but were separated during that year.

8. During the latter part of the 1950's and during the first part of 1960, plaintiff and her then husband, Henry W. Dodge, Jr., owned a tract of land, of approximately 6 acres, known as the Gaelic Grove property, located in or near Rochester, Minnesota.

9. During 1959 and the first part of 1960, plaintiff and her then husband, Henry W. Dodge, Jr., formulated an intent to transfer the aforesaid Gaelic Grove property to the Sisters of St. Francis Academy of Our Lady of Lourdes (hereinafter referred to as the "Sisters") in such a manner as to take advantage of tax provisions relating to

gifts to charitable organizations. That intent or the substance thereof was expressed in correspondence and conversations between plaintiff's then husband and her certified public accountant, Kenneth E. Studdard: in conversations between plaintiff and her financial advisor, Guinn Rasbury; in conversations between plaintiff and her then husband, Henry W. Dodge, Jr.; in conversations between Henry W. Dodge, Jr. and attorney Francis J. O'Brien; and in conversations between Dr. Henry W. Dodge, Jr. and other persons, including his father and Dr. Alexander Taylor. Reference was made to that intent in correspondence between Henry W. Dodge, Jr. and attorney Francis J. O'Brien.

10. In 1960, while plaintiff and her then husband, Henry W. Dodge, Jr. continued to have the aforesaid intent, a deed purporting on its face to transfer the entire 6 acres of the Gaelic Grove property was executed by plaintiff and her then husband, Henry W. Dodge, Jr. and delivered to the Sisters or their agent. The description to the property appearing on said deed was provided by some person other than plaintiff or her then husband, Henry W. Dodge, Jr. The description contained an inclusion of a greater interest in the property than was authorized or intended by the grantors.

11. At the time that Plaintiff and her then husband, Henry W. Dodge, Jr., executed and delivered the aforesaid 1960 deed, they intended only to convey a ⅕ undivided interest in the Gaelic Grove property and they intended that the description, to be filled in, conform to this intent.

12. Plaintiff and her then husband, Henry W. Dodge, Jr., reasonably believed that attorney Francis J. O'Brien was acting as their attorney, as well as the attorney for the Sisters, when in fact he was only representing the Sisters. Attorney O'Brien had knowledge that Plaintiff and Henry W. Dodge, Jr. considered O'Brien to be their attorney and that he, i. e., O'Brien would carry out

their intent insofar as the transfer of the Gaelic Grove property was concerned.

13. Attorney O'Brien was at least aware that one of the reasons the property was being given to the Sisters was because of the income tax consequences thereof, that plaintiff and her then husband, Dr. Henry W. Dodge, Jr., were being guided with respect to these tax consequences by their certified public accountant, Kenneth E. Studdard of Houston, Texas and that there was a plan by which the gift was to be made.

14. On August 29, 1964, a "Reformation Agreement" was entered into between the Sisters and plaintiff and her then husband, Henry W. Dodge, Jr. This Reformation Agreement recognized the error in the 1960 deed and reformed said deed clearly to reflect only the conveyance of a ⅕ undivided interest in the Gaelic Grove property for the year 1960.

15. Plaintiff owned and had a 67½% interest in ⅘ of the Gaelic Grove property on January 1, 1961.

16. In 1961 plaintiff and her then husband, Henry W. Dodge, Jr., executed a deed which conveyed a second ⅕ undivided interest in the Gaelic Grove property to the Sisters. Said deed was delivered to the Sisters or their agent in 1961.

17. The fair market value of the entire Gaelic Grove property at the time in 1961 when plaintiff and her then husband, Henry W. Dodge, Jr., conveyed the ⅕ undivided interest therein to the Sisters was $165,000; and the value of the ⅕ undivided interest in said property at said time was $33,000.

18. The Sisters were, at least during 1961, "a corporation, trust, or community chest, fund, or foundation * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *" within the meaning of Section 170(c) of the Internal Revenue Code of 1954.

19. On November 18, 1964, at a time when plaintiff owned 67½% of a ⅗ undivided interest in the Gaelic Grove property, plaintiff delivered an executed deed

of this interest to the Sisters and the Sisters accepted same.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over this cause.

2. The 1960 deed conveying an interest in the Gaelic Grove property located in or near Rochester, Minnesota, was properly reformed in accordance with the laws of the State of Minnesota so that in fact and in law only a ⅕ undivided interest in said Gaelic Grove property was given and conveyed by plaintiff and Henry W. Dodge, Jr. to the Sisters in 1960.

3. The said reformation was and could be properly reformed under the laws of the State of Minnesota on the basis of mutual mistake of the donors and the donee. Attorney O'Brien was an agent for the donee, and therefore his knowledge is imputed to the donee and his knowledge was such, along with the knowledge and intent of donors, as to constitute a mutual mistake of fact between the parties.

4. The execution and delivery of the 1961 deed by Plaintiff and Henry W. Dodge, Jr. to the Sisters and the acceptance thereof by the Sisters constituted an effective conveyance and gift in 1961 of a ⅕ undivided interest in the Gaelic Grove property.

5. The above conveyance and gift in 1961 constituted a "charitable contribution" within the meaning of Section 170 of the Internal Revenue Code of 1954 by plaintiff in 1961 in an amount equal to 67½% of $33,000 or $22,275., subject to the 30% limitation prescribed by Section 170(b) of the Internal Revenue Code.

6. Plaintiff claims that she is entitled to: (1) recover the taxes paid on one-half of the income of her former husband, Henry W. Dodge, Jr. which was reported on her 1961 income tax return; (2) claim personal exemptions for three of her five children in 1961; (3) credit for her payment of her former husband's tax liability for 1961. On these three claims the court makes no findings of fact, but concludes that they are improper for adjudication by this court, since they should be resolved between plaintiff and her former husband, Henry W. Dodge, Jr.

7. Plaintiff is entitled to a refund for the year 1961 in the amount of $13,736.18, plus interest as allowed by law, and costs.

8. Judgment will be entered in accordance with these findings of fact and conclusions of law.