Arnold VAN DEN WYMELENBERG, as Executor of the Estate of Eleanor Van Den Wymelenberg, Plaintiff-Appellant, and

Arnold Van Den Wymelenberg, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 16611, 16612.

United States Court of Appeals Seventh Circuit.

June 19, 1968.

Certiorari Denied Nov. 18, 1968.

See 89 S.Ct. 377.

---

E. L. Everson, Everson, Whitney, O'Melia, Everson & Brehm, Green Bay, Wis., for plaintiffs-appellants.

Mitchell Rogovin, William A. Friedlander, Marian Halley, Lee A. Jackson, Attys., Tax Division, Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant-appellee; Franklyn M. Gimbel, Asst. U. S. Atty., of counsel.

Before HASTINGS, Circuit Judge, KNOCH, Senior Circuit Judge, and SWYGERT, Circuit Judge.

HASTINGS, Circuit Judge.

Appellant, for himself and as executor of the estate of his deceased wife, appeals from adverse judgments entered October 6, 1967 in the district court on their actions for refunds of federal gift taxes.[1]

The facts, most of which were stipulated, are undisputed. On July 6, 1961 taxpayers executed a trust agreement creating a trust for their twelve minor grandchildren. The trust *res* was a parcel of real estate valued at $132,500 and subject to a $82,500 mortgage. The grandchildren received equal shares. By the terms of the agreement the corpus was to vest as each beneficiary reached twenty-one years of age, and income was to be distributed at least annually to the beneficiaries. The trustee was given broad powers to deal with the trust property.

Taxpayers presented evidence that some months prior to the execution of the trust agreement they met with their accountant, their lawyer and a son who acted as their financial advisor to discuss creation of the trust. A tentative draft agreement was prepared incorporating taxpayers' initial ideas. Taxpayers were informed by their advisors, however, that modifications would be necessary if the gifts in trust were to qualify for the annual gift tax exclusion pursuant to Title 26 U.S.C.A. § 2503(c).[2] Taxpayers agreed and instructed their attorney to conform the draft agreement to § 2503(c). Through inadvertence the draft agreement signed July 6, 1961 did not empower the trustee to invade corpus to meet the needs of the beneficiaries and did not allow the beneficiaries to dispose of their interests by will. The gifts therefore did not qualify under § 2503(c).

The trial court made no findings on the issue of mistake.

In gift tax returns filed April 14, 1962, taxpayers reported each of the twelve gifts as split gifts,[3] both taxpayers claiming an exclusion as to each gift. Since the total exclusion exceeded the $50,000 aggregate value of the gifts, no taxable gifts were reported.

---

1. For convenience appellant in both his capacities and his deceased wife will be referred to as taxpayers.

2. "No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

  (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

  (2) will to the extent not so expended—

  (A) pass to the donee on his attaining the age of 21 years, and

  (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)."

3. Pursuant to 26 U.S.C.A. § 2513(a) (1): "A gift made by one spouse to any person other than his spouse shall, for the purposes of this chapter, be considered as made one-half by him and one-half by his spouse, but only if at the time of the gift each spouse is a citizen or resident of the United States. This paragraph shall not apply with respect to a gift by a spouse of an interest in property if he creates in his spouse a general power of appointment, as defined in section 2514(c), over such interest. For purposes of this section, an individual shall be considered as the spouse of another individual only if he is married to such individual at the time of the gift and does not remarry during the remainder of the calendar year."

On September 10, 1963, taxpayers were notified by the District Director of Internal Revenue that the exclusions were to be disallowed because the gifts did not qualify under § 2503(c). Shortly thereafter taxpayers executed a Corrected Trust Agreement which purports to bring the July 6, 1961 agreement into conformity with § 2503(c). The corrected agreement was executed "as of July 6, 1961."

On July 31, 1964 deficiencies of $4,968.51 and $4,653.51 were assessed against taxpayers. These assessments were paid with interest on August 10, 1964 and timely claims for refund were filed. The claims were disallowed and these actions were brought to recover the taxes paid.

■ The principal issue raised is whether the amended trust agreement executed by taxpayers in 1963 retroactively determines the federal gift tax consequences of the 1961 gift in trust. Even assuming that the amended agreement expressed taxpayers' intent at the time they executed the original agreement and that the discrepancy in that original agreement was caused by inadvertence, we hold the tax consequences must be determined by the original agreement.

■ Taxpayers cite several Wisconsin state cases for the proposition that a written instrument which, through mistake, does not embody the intent of the parties may be reformed by the parties through voluntary execution of a corrected instrument. However, not even judicial reformation can operate to change the federal tax consequences of a completed transaction. Straight's Trust v. Commissioner of Internal Revenue, 8 Cir., 245 F.2d 327 (1957); Van Vlaanderen v. Commissioner of Internal Revenue, 3 Cir., 175 F.2d 389 (1949); Daine v. Commissioner of Internal Revenue, 2 Cir., 168 F.2d 449, 4 A.L.R.2d 248 (1948); Sinopoulo v. Jones, 10 Cir., 154 F.2d 648 (1946); cf. Commissioner of Internal Revenue v. Estate of Bosch, 2 Cir., 363 F.2d 1009, 1015 (1966) (dis-

senting opinion), rev'd., 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); Emerson Institute v. United States, 123 U.S.App.D.C. 71, 356 F.2d 824, cert. denied, 385 U.S. 822, 87 S.Ct. 49, 17 L.Ed. 2d 59 (1966). Contra, Flitcroft v. Commissioner of Internal Revenue, 9 Cir., 328 F.2d 449 (1964).

As to the parties to the reformed instrument the reformation relates back to the date of the original instrument, but it does not affect the rights acquired by non-parties, including the Government. Were the law otherwise there would exist considerable opportunity for "collusive" state court actions having the sole purpose of reducing federal tax liabilities. Furthermore, federal tax liabilities would remain unsettled for years after their assessment if state courts and private persons were empowered to retroactively affect the tax consequences of completed transactions and completed tax years.

Taxpayers argue the distinction between mistake of fact, which they allege occurred here, and mistake of law, which they contend was involved in the cases cited in the Government's brief. The mistake of fact-mistake of law dichotomy, developed in equity, is based on principles which have no application in determining the tax consequences of transactions subsequently reformed.

. The second issue raised by taxpayers is whether the gifts of income interests in the trust property are subject to the annual exclusion. The original trust agreement provided that the net income of the trust property be distributed to the beneficiaries annually or at shorter intervals. The Government concedes, as it must, that these were gifts of present interests. It contends, however, that they are not subject to the exclusion because their value was not ascertainable at the time the trust was created. The district court agreed.

■ To qualify for the annual exclusion the value of a gift of a present interest must be ascertainable at the time the gift is made. Commissioner of In-

ternal Revenue v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720 (1945).

The trust agreement confers broad powers on the trustee to deal with the trust property. Among these are: the power to sell, exchange or alter the trust assets, the power to allocate receipts to principal or income, and the power to apportion expenditures to principal or income. A similar trust agreement was held not to permit ascertainment of the value of an income interest in Fischer v. Commissioner of Internal Revenue, 3 Cir., 288 F.2d 574 (1961).

The trustee's exercise of the broad powers conferred on her could significantly affect the income from the trust. As the district court noted, she could exchange the trust property for high or low income yielding assets. She could reduce the net income by allocating receipts to principal and/or apportioning expenditures to income.

Taxpayers urge that in deciding whether the value of the income interests is ascertainable we must consider the reasonable probability that the trustee will use her powers so as to vary the net income from the trust property. However, where the trustee's powers are as broad as those here and where the trust instrument provides no ascertainable standard for the exercise of those powers the trustee's future conduct is in the realm of speculation, not reasonable probability. Cf. Fischer v. Commissioner of Internal Revenue, supra.

Taxpayers also urge the court to consider the actual experience of the trust. This, they contend, is the best evidence available of the value of the income interests and shows the consistency of the amounts of income yielded and distributed each year.

However valuable actual experience might be in determining the value of an income interest, qualification for exclusion is determined as of the time the gift is made. If the value is not ascertainable then, subsequent experience cannot render it so in retrospect.

 In sum, we are of the view that the district court correctly held that taxpayers' amended trust agreement could not have retroactive effect so as to defeat federal gift taxes that attached prior to amendment. And, further, that the district court correctly determined that the value of the interest in the income from the trust was not ascertainable at the time the trust was created, and that taxpayers therefore were not entitled to an exclusion from taxable gifts.

The judgments appealed from are affirmed.

Affirmed.