Era Davis **HARRIS**, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent-Appellee.

Fay Davis **CLARKE**, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent-Appellee.

No. 72–1343

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 7, 1972.

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Myron A. Methvin, Blanchette, Shelton & James, Dallas, Tex., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, Dennis Donohue, Leonard J. Henzke, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

Taxpayers appeal from the Tax Court's affirmance of the Commissioner's disallowance of gift tax exclusions claimed for gifts of interest in property made in 1965 to six minor beneficiaries. We affirm.

On the evening of December 31, 1965 appellants executed written instruments creating trusts for the benefit of the six related minors and transferring property to the trusts. Each instrument was identical except for the names of trustee and beneficiary, and provided in part:

The Trustee shall distribute the corpus and undistributed income of the trust to the beneficiary when such beneficiary attains 35 years of age, or sooner in the Trustee's discretion.

On the basis of these gifts to the newly created trusts, taxpayers claimed the appropriate number of $3000 exclusions on their gift tax return for 1965. After the District Director of the IRS served notification that the exclusions were dis-

allowed because the instruments effectuated gifts of future interests not qualified for exclusion under IRC § 2503, taxpayers caused the instruments to be amended as of December 31, 1965 [1] to read as follows:

The Trustee shall distribute the corpus and undistributed income of the trust to the beneficiary when such beneficiary attains *twenty-one (21) years of age. In the discretion of the beneficiary, this trust may be continued thereafter until such beneficiary attains* thirty-five (35) years of age, or sooner in the Trustee's discretion.

As amended, the pertinent paragraph tracks the language of the original instruments with the addition of the italicized words which, appellants maintain, were intended by all parties to the instruments and by the draftsman to have been included in the originals executed on December 31 but were inadvertently omitted by the typist, such omission going undiscovered until brought to the taxpayers' attention by the disallowance of the exclusions. The Commissioner continued to disallow the exclusions on the ground that the supposed *nunc pro tunc* reformation of the original instruments could have no effect on the tax liability indicated by the instruments as they stood at the close of the tax year. He does not seriously dispute that the instruments as amended qualified the taxpayers for the exclusions claimed. Taxpayers assert here, as they did in the court below, that their original intention to include the emphasized language and thus qualify for the gift tax exclusions should govern their tax liability; or, in other words, that the govern-ment as well as the parties to the instruments should be bound by the reformed version.

■■ Assuming no bar as a matter of law to determining tax liability for one year on the basis of instruments reformed · in a later year to reflect the original intent of the signatories,[2] we find appellants' position unpersuasive on this record. The draftsman of the instruments represented taxpayers at trial and said in his opening statement that the discrepancy between the original and amended instruments resulted from mere typing errors, but he did not take the stand to testify as to the alleged haplographic error. That silence on the part of taxpayers' counsel, who presumably had personal knowledge of the exact reason for the omission of the critical language, gives rise to an inference that his testimony would not have been favorable to his clients. United States v. Priola, 272 F.2d 589, 594 & n.10 (5th Cir.1959); United States v. Marlow, 235 F.2d 366, 368 (5th Cir.1956). We perceive no reason to disturb the Tax Court's drawing that inference in deciding that taxpayers failed to prove that their original intent was the same as stated in argument below and in their briefs before this court. Furthermore, the donee who initiated the gift idea testified that "the plan was that the Trusts were to be become effective at age 21, if the Trustees so desired," and that it was up to the trustees as to how long the trusts were to continue; whereas, the language added to the original instruments, purportedly to effectuate the original intent that had fallen by haplographic error, provided that each trust would terminate automatically as its

---

1. We intimate no opinion as to what legal effect, if any, exclusive of tax consequences, the retroactive amendment had in the absence of representation and consent on behalf of the beneficiaries whose rights had vested.

2. Although for purposes of this case we assume without deciding that acts of a donor-taxpayer in a year subsequent to the year of a gift can affect the amount of gift tax liability for the year of the gift, we note the existence of persuasive authority that as a matter of law the contrary is true and that not even a judicial reformation of a written instrument can operate to change the federal tax consequences of a completed transaction. See Van Den Wymelenberg v. United States, 397 F.2d 443 (7th Cir.), cert. denied, 393 U.S. 953, 89 S.Ct. 377, 21 L.Ed.2d 364 (1968), and cases cited therein.

beneficiary reached age 21 unless the beneficiary exercised his discretion to continue it in effect until age 35. Thus, the testimony casts substantial doubt on whether the amendment in fact incorporated the original intent. Finally, we note that the addition of the emphasized language in the amended instrument introduces an ambiguity not present in the original by placing discretion to continue the trust in both the beneficiary and the trustee, rather than in the latter alone as directed by the original instrument. In light of the clarity of the December 31 instruments prior to amendment, it was open to the Tax Court to disbelieve that the taxpayers' original intent was expressed by the ambiguous amendment.

In short, the taxpayers simply failed to sustain their burden of proving that their original intent was embodied in the amended instruments and that it was omitted from the original instruments only as a result of haplographic error.

Affirmed.