KATHERINE BERGERON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bergeron v. Commissioner
Docket No. 36850-85.
United States Tax Court
T.C. Memo 1986-587; 1986 Tax Ct. Memo LEXIS 18; 52 T.C.M. (CCH) 1177; T.C.M. (RIA) 86587; December 17, 1986. Lee E. Wall, for the petitioner. Ellen T. Friberg, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION
*19 COHEN, Judge: By notice of deficiency dated July 25, 1985, respondent determined deficiencies in and additions to petitioner's Federal gift tax as follows: Quarter
Additions to Tax
Ending
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
June 30, 1977
$348
$87
December 31, 1977
22,154
5,538
June 30, 1981
86,294
$4,315
The parties have stipulated the fair market value of all property at issue in this case.As a result, the only issues for decision are (1) whether certain transfers for less than fair market value were gifts and (2) the applicability of additions to tax. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Katherine Bergeron (petitioner) resided in Argyle, Minnesota, when her petition was filed. Petitioner did not file Quarterly Gift Tax Returns (Forms 709) for the quarters ended on June 30, 1977 and December 31, 1977. Petitioner filed a gift tax return for the *20 quarter ended on June 30, 1981. Petitioner has lived in or around Argyle for most of her life. She completed 8 years of formal education, and married LeRoy Bergeron (decedent) when she was 17 years old. Petitioner and decedent were farmers and had three children. Petitioner worked in the house and occasionally joined her husband in the fields. Although petitioner wrote checks on the couple's joint bank account, petitioner's husband completely controlled the family's financial affairs; petitioner did not learn how to balance a checkbook until after her husband's death. Decedent purchased all of the family's farmland and equipment in his own name and never discussed the family's finances with petitioner. On December 13, 1976, petitioner's husband died. Decedent's will provided that petitioner had the right to receive 50 percent of his estate. Petitioner was to have a life estate in the remaining property, which was held in trust for the couple's three children. Petitioner and her two sons were appointed co-personal representatives of decedent's estate (the estate). The probate court also appointed Peter Carlson (Carlson) and William Robertson (Robertson) as appraisers of *21 the estate.Carlson was a banker in Argyle; Robertson was a farmer who grew wheat and sugar beets on land similar to decedent's. Petitioner took no part in the preparation of the appraisal and had no personal knowledge or opinion of the value of decedent's property. The Internal Revenue Service (IRS) audited decedent's estate tax return and concluded that the appraisal prepared by Carlson and Robertson was inaccurate. The field auditor's findings were appealed to the IRS Appellate Division. The estate and the IRS each obtained independent appraisals of the land in decedent's estate. The estate's attorney, Lee Wall (Wall), received the appraisal commissioned by the estate. That appraisal, dated June 18, 1980, concluded that the value of decedent's land on the date of his death was substantially greater than the value determined by Carlson and Robertson. The IRS's appraisal also concluded that the value of decedent's land was substantially greater than the value determined by the court appointed appraisers. Among the assets in decedent's estate was preferred stock in American Crystal Sugar Company (the stock). In April 1977, petitioner sold 160 shares of the stock to her two *22 sons for $16,200. She did not sell any of the stock to her daughter. The fair market value of the stock on the date of sale was $28,800. The stock was not publicly traded, and there was no public record of the prices paid for stock exchanged between individual shareholders. The market value of such stock fluctuates widely and is affected by Federal sugar price supports, raw sugar prices, and weather conditions. Although petitioner believed that decedent had purchased the stock for $16,200, she could not recall the date of his purchase. When she sold the stock to her sons, she did not know that Carlson and Robertson had determined that the stock was worth $22,400. Petitioner's sons did not pay for the stock until November 1978, when they executed promissory notes for its full purchase price. As of trial of this case on June 16, 1986, petitioner's sons had not paid either principal or interest on the notes. In his notice of deficiency, respondent determined that the difference between the fair market value of the stock and the face amount of the notes given by petitioner's sons was a gift. In December 1977, petitioner and the estate jointly sold two parcels of land to her sons. *23 Petitioner's sons purchased the land for $200,000. The fair market value of the land was $435,000 on the date of sale. Carlson and Robertson had determined that the fair market values of each parcel were $99,225 and $107,100, respectively. Petitioner did not realize that this appraisal was incorrect, and believed, 1 year after the date of her husband's death, that she was selling the two parcels of land for their current fair market values. In his notice of deficiency, respondent determined the value of petitioner's transfer to her sons as follows: Fair market value of both parcels
$435,000
Consideration received for both parcels
200,000
Total gift computed on both parcels
$235,000
Life estate factor for female, age 56
X .68612
Petitioner's share of gift
$161,238
On June 11, 1981, petitioner gave three parcels of land to her children. The values of these parcels as reported on petitioner's gift tax return, and their actual fair market values on the date of gift, are as follows: Parcel
Value on Return
Stipulated Value
a
$56,090
$98,750
b
56,090
94,800
c
56,090
94,800
On her gift tax return, petitioner reported *24 the real estate gifted in 1981 at the value previously agreed upon by the estate and the IRS. The appraisals that were the basis of the estate's agreement with the IRS valued the parcels as of December 13, 1976, the date of decedent's death. Respondent determined that the difference between the stipulated value of each parcel and its reported value was a gift. The estate's attorney prepared the decree of the probate court. The attorney used the appraisal values determined by Carlson and Robertson and, as a result, the decree underfunded the marital share of decedent's estate. When the decree was filed on June 11, 1981, the attorney knew, or had reason to know, that the values determined by Carlson and Robertson were inaccurate. Petitioner was unaware of the attorney's error, and believed that she was to receive no less than her due from decedent's estate. On June 11, 1981, petitioner received property from decedent's estate with a date of death value of $345,168. Decedent's will directed that petitioner had the right to receive 50 percent of his adjusted gross estate, or $344,972. Petitioner had advanced $88,829 to the estate during administration. Petitioner thus had the *25 right to receive $433,801. The $88,633 difference between the amount petitioner was entitled to receive and the amount she did receive remained in the residuary trust of her husband's estate. Petitioner had a life estate in the residuary trust. In his notice of deficiency, respondent determined the actuarial value of these funds to petitioner's children, her remaindermen and beneficiaries of the residuary trust, as follows: Marital Transfer
$334,972
Amount Advanced Estate
88,829
Total Amount Claimed
[2] $433,801
Total Amount Accepted
345,168
Shortage
$ 88,633
L.E. Factor for female,
Age 56
.68612
Value of Shortage Retained
$ 60,813
Value of Shortage
$ 88,633
Value Retained
60,813
Gift to Remaindermen
$ 27,820
Although the parties have stipulated that petitioner was 59 years old on June 11, 1981, respondent has not asserted a claim for increased deficiency. ULTIMATE FINDINGS OF FACT The April 1977 sale of American Crystal Sugar Company stock and the December 1977 sale of petitioner's life interest in two parcels of land were not at arm's length or free of donative intent. Petitioner underreported *26 the value of three parcels of land given to her children in 1981. During the quarter ending on June 30, 1981, petitioner intended to accept no less than her due from decedent's estate. Petitioner did not have reasonable cause for failing to file gift tax returns for the quarters ending on June 30, 1977, and December 31, 1977. Petitioner's undervaluation of the three parcels of land given to her children in 1981 was due to negligence. OPINION Deficiencies
Petitioner contends that the April 1977 sale of American Crystal Sugar Company stock and the December 1977 sale of her life interest in two parcels of land were not taxable gifts. She does not deny that she underreported the value of the three parcels of land given to her children in June 1981. Finally, she admits that she received a smaller portion of decedent's estate than that to which she was entitled, but contends that the decree of the probate court may be amended to adequately fund the marital share of the decedent's estate. Bargain Sales/Deemed Gifts
Section 2512(b) provides that "[w]here property is transferred for less than an adequate and full consideration in money or money's worth, then *27 the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift." The pertinent part of section 25.2512-8, Gift Tax Regs., provides, however, that "a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth." Petitioner thus argues that the sales of the stock and the two parcels of land were bona fide, at arm's length, and free from any donative intent. Petitioner relies heavily on Messing v. Commissioner,48 T.C. 502 (1967). Messing is readily distinguishable from this case. In Messing, the Commissioner first raised the bargain sale issue in his amended answer, and thus bore the burden of proof. See Rule 142(a), Tax Court Rules of Practice and Procedure. The taxpayer in Messing presented expert appraisals of certain shares of stock that he had sold to his son. We found that the taxpayer's experts were more persuasive than the Commissioner's and, under all the circumstances of that case, we held that *28 the Commissioner had failed to meet his burden of proof. Messing v. Commissioner,48 T.C. at 512. In this case, respondent's determination of deficiency is presumptively correct, Welch v. Helvering,290 U.S. 111 (1933); petitioner bears the burden of proving that the determination was erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure. Thus, it is petitioner who must prove that her sales of stock and land were bona fide, at arm's length, and free from any donative intent. Transactions between related parties are subject to rigid scrutiny, and the presumption is that a transfer between family members is a gift. Harwood v. Commissioner,82 T.C. 239, 258 (1984), affd. without published opinion 786 F.2d 1174 (9th Cir. 1986); Estate of Reynolds v. Commissioner,55 T.C. 172, 201 (1970); Mercil v. Commissioner,24 T.C. 1150, 1153 (1955). Petitioner notes that, although she sold stock and land to her sons, she did not sell stock or land to her daughter. She contends that her failure to sell stock or land to her daughter is evidence of her belief that the sales to her sons *29 were bona fide, at arm's length, and free from any donative intent. Apart from petitioner's stated desire to treat each of her children equally, the record is devoid of evidence supporting petitioner's contention. Moreover, the absence of donative intent is but one factor negating a deemed gift as defined in section 2512(b). Petitioner must also prove that the sales of stock and land were "bona fide" and "at arm's length." Section 25.2512-8, Gift Tax Regs. Petitioner's sons paid substantially less than fair market value for the stock. Although the stock was not publicly traded, and although there was no public record of the prices paid for stock exchanged by individual shareholders, petitioner did not rely on an expert appraiser to establish a price for the stock. The value of such stock fluctuated widely, yet petitioner sold the stock to her sons for what she believed decedent had paid for it. She was unaware of the value assigned to the stock by Carlson and Robertson when she sold it to her sons. Petitioner's sons did not pay for the stock until November 1978, over 1 year after the "sale." In June 1986, petitioner's sons had yet to pay any of the principal or interest on the *30 notes that they had given for the stock. Petitioner has thus failed to prove that sale of the stock for less than its fair market value was bona fide, at arm's length, and free of donative intent. Moreover, the stipulations and other evidence persuade us that the sale of stock to petitioner's sons must be deemed a gift. Section 2512(b). Petitioner's sons also paid substantially less than fair market value for the land.Petitioner sold the land to her sons in December 1977, yet relied on appraisals valuing the land as of December 13, 1976, to establish the price. Nothing in the record shows that petitioner attempted to establish the value of the land in December 1977. Petitioner has failed to prove that the sale of the land for less than its fair market value was bona fide, at arm's length, and free of donative intent. Underreported Gifts
Petitioner does not deny that she underreported the value of the three parcels of land given to her children in June 1981. Transfer to Residuary Trust
A gift is subject to tax only when the donor has so parted with dominion and control as to leave him or her no power to change its disposition. Section 25.2511-2(b), Gift *31 Tax Regs. The gift tax is not applicable to a transfer of bare legal title, but only to a transfer of beneficial interest in property. Section 25.2511-1(g)(1), Gift Tax Regs. Any gift in which the donor reserves the right to revest the beneficial title in himself is incomplete. Section 25.2511-2(c), Gift Tax Regs. Thus, for the purposes of the gift tax, "a gift is not consummate until put beyond the recall." Burnet v. Guggenheim,288 U.S. 280, 286 (1933). In Touche v. Commissioner,58 T.C. 565, 568 (1972), we considered the gift tax consequences of a grantor's right to obtain reformation of a voluntary conveyance. In Touche, the taxpayer intended to take advantage of the $3,000 annual gift tax exclusion but, due to her attorney's error, mistakenly gave too much land. We held that because the taxpayer had, in the years then before us, the right to reform the deeds of gift and revest title in herself, no completed gift was made during those taxable years. Touche v. Commissioner,58 T.C. at 569. Touche was preceded by Dodge v. United States,413 F.2d 1239 (5th Cir. 1969), and Dodge v. Commissioner,T.C. Memo. 1968-238. *32 Each case involved the same transaction by married taxpayers who filed separate income tax returns. In 1960, the taxpayers decided to give land to a charitable organization. They intended to stay within the 30-percent limit then placed on charitable contributions by giving a one-fifth interest in the property each year for 5 years. The taxpayers' attorney mistakenly prepared a deed to the entire premises. On their 1960 and 1961 income tax returns, each taxpayer deducted his or her pro-rata share of 20 percent of the value of the land. The Commissioner determined that the entire gift was made in 1960 and disallowed the deductions in 1961. The Court of Appeals for the Fifth Circuit, expressly adopting this Court's reasoning in Dodge v. Commissioner,supra, held that because local law permitted the grantor of a voluntary conveyance to obtain reformation for unilateral mistake, the purported gift did not have the necessary degree of completeness to be recognized for Federal tax purposes. Dodge v. United States,413 F.2d at 1243. The reasoning of Touche and Dodge is applicable here. Minnesota law provides that the decree of a probate *33 court may be amended for excusable neglect, inadvertence, or mistake. Minn. Stat. Ann. secs. 524.3-413, 525.02 (West 1975). We are persuaded that petitioner intended to accept no less than her due from decedent's estate. Petitioner made substantial gifts to her children on or about the same day that the decree of the probate court was filed. Petitioner is not a sophisticated taxpayer; had she planned to give even more property to her children, it is unlikely that she would have done so by underfunding the marital share of decedent's estate. Petitioner reasonably relied on the attorney for the estate to prepare a proposed decree of distribution for the probate court. Wall represented the estate before the IRS, and knew that the appraisals of Carlson and Robertson were in dispute. Wall, as the estate's attorney, received the independent appraisal commissioned by the estate. That appraisal, dated June 18, 1980, concluded that the value of decedent's land on the date of his death was substantially greater than the value determined by Carlson and Robertson. Although Wall may not have been in possession of this appraisal when the decree of the probate *34 court was prepared, he certainly received the appraisal before June 1981, when the decree was final. Wall nevertheless failed to submit an amended proposed decree. Although we have found no Minnesota decision considering this issue, we are satisfied that, in 1981, petitioner had the right to obtain amendment of the probate court's decree and revest beneficial title in herself. Minn.Stat. Ann. secs. 524.3-413, 525.02 (West 1975). Because petitioner could have obtained amendment of the decree of distribution during the taxable year before us, no completed gift was made during that year. Thus, it is unnecessary to consider whether petitioner could obtain amendment 5 years after the filing of the decree, and whether such an amendment would, for gift tax purposes, "relate back" to the year in issue. As in Touche v. Commissioner,supra, we expressly make no finding as to when petitioner did make a completed gift to her remaindermen, e.g., when her right to obtain amendment expired. See Touche v. Commissioner,58 T.C. at 569, n. 3; see also Dodge v. United States,413 F.2d at 1243; Dodge v. Commissioner,supra. *35 Additions to Tax
Failure to File
Respondent determined that, for the quarters ended on June 30, 1977, and on December 31, 1977, petitioner is liable for the additions to tax imposed by section 6651(a)(1). That section imposes an addition to tax for failing to file a return in a timely manner unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner has the burden of proving reasonable cause. Heman v. Commissioner,32 T.C. 479, 490 (1959), affd. 283 F.2d 227 (8th Cir. 1960). Petitioner admits that she did not file gift tax returns for those quarters, but argues that, because the bargain sales of stock and land were not gifts, no returns were due and she is not liable for the additions to tax. In the absence of evidence showing reliance on the advice of competent counsel, mere mistaken belief that no return is due does not constitute reasonable cause for failure to file. Heman v. Commissioner,32 T.C. at 490. See also Adams v. Commissioner,46 T.C. 352, 363 (1966). We have found that the bargain sales of stock and land were gifts, and petitioner *36 is thus liable for the additions to tax imposed by section 6651(a). Negligence
Respondent also determined that, for the quarter ended June 30, 1981, petitioner is liable for the addition to tax for negligence imposed by section 6653(a). Petitioner must prove that respondent's determination was erroneous. Neely v. Commissioner,85 T.C. 934, 947 (1985); Luman v. Commissioner,79 T.C. 846, 860-861 (1982). Petitioner relied on the estate's agreement with the IRS to value three parcels of farmland given to her children in 1981. Although the appraisals that were the basis of the estate's agreement with the IRS valued the land as of the date of decedent's death, petitioner has presented no evidence showing that she even attempted to obtain a more current appraisal. Petitioner has thus failed to meet her burden of proof. Although petitioner's attorney prepared the Gift Tax Return filed in 1981, "[t]he general rule is that the duty of filing accurate returns cannot be avoided by placing responsibility on an agent." Perrett v. Commissioner,74 T.C. 111, 134-135 (1980), affd. without published opinion 679 F.2d 900 (9th Cir. 1982); *37 Pritchett v. Commissioner,63 T.C. 149, 174 (1974); Enoch v. Commissioner,57 T.C. 781, 802 (1972); see United States v. Boyle,469 U.S. 241, 251 (1985). Petitioner was entitled to rely on the estate's attorney to prepare the decree of the probate court; she was not entitled to blindly rely on the assumptions and figures used by her attorney to prepare her Gift Tax Return. Petitioner, like all other taxpayers, must bear ultimate responsibility for the negligent errors of her agent. Pritchett v. Commissioner,supra;American Properties, Inc. v. Commissioner,28 T.C. 1100, 1117 (1957). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Computational error in original.↩