**Lera H. STARK, Appellant,**
v.
**UNITED STATES of America, Appellee.**

**William P. STARK, Appellant,**
v.
**UNITED STATES of America, Appellee.**

**Nos. 72-1579, 72-1580.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1973.

Decided April 12, 1973.

Rehearing Denied May 9, 1973.

John I. Wassberg, Kansas City, Mo., for appellant.

Joseph M. McManus, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL,* District Judge.

PER CURIAM.

■ We are presented with the question whether, in order to claim the $3,000 gift tax exclusion pursuant to 26 U.S.C. § 2503(b), a taxpayer might satisfy his burden of proving that an income interest in a trust has "ascertainable value," [1] by reference to the actuarial tables found in Treas.Reg., 26 CFR § 25.2512–5(c).

■ The taxpayers made gifts of the stock of a closely held corporation to three trusts, for the benefit of each of the taxpayers' three minor grandchildren. The beneficiaries were to receive the net income from the trusts until each reached the age of 30, at which time the beneficiaries could terminate the trusts and receive the trust corpus. The parties agree that the gifts of the shares of stock to the trusts constitute gifts of future interests and thus are not subject to the annual exclusion, but the taxpayers claim that their making the gifts of the income from the stock entitles each to the annual exclusion of $3,000 for each beneficiary of the trusts pursuant to § 2503(b). The taxpayers based their asserted right to the exclusions on the argument that the right of the beneficiaries to the net income of the trusts was a present interest and was capable of valuation by the use of the actuarial tables prepared by the Commissioner in Treas.Reg. § 25.2512–5(c). The Government argued that since the stock of the corporation had never been publicly traded and since no dividends had been paid on the stock since 1950, the taxpayers had not established an "ascertainable value" for the right to the income from the stock held in trust.

The undisputed evidence indicates, and the district court specifically found, that

---

* Sitting by designation.

1. In order for a gift to be subject to the § 2503(b) exclusion, two requirements must be satisfied. First, the gift must not be a gift of a future interest, as that term is defined in Treas.Reg., 26 CFR § 25.2503–3(a). Second, the gift must have an "ascertainable value." This requirement of ascertainable value is one judicially imposed. *See, e. g.,* Van Den Wymelenberg v. United States, 397 F.2d 443 (7th Cir.), cert. denied, 393 U.S. 953, 89 S.Ct. 377, 21 L.Ed.2d 364 (1968); Fischer v. Comm'r, 228 F.2d 574 (3d Cir. 1961); Funkhouser's Trusts v. Comm'r, 275 F.2d 245 (4th Cir.), cert. denied, 363 U.S. 804, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960); Mercantile-Safe Deposit and Trust Co. v. United States, 311 F.Supp. 670 (D.Md.1970); Pettus v. Comm'r, 54 T.C. 112 (1970); Morgan v. Comm'r, 42 T.C. 1080 (1964), aff'd, per curiam, 353 F.2d 209 (4th Cir. 1965), cert. denied, 384 U.S. 918, 86 S.Ct. 1364, 16 L.Ed.2d 439 (1966); Hamm v. Comm'r, 20 CCH Tax Ct.Mem. 1814, Dec. 25, 193(M) (1961), aff'd on other grounds, 325 F.2d 934 (8th Cir. 1963); Newmaker v. Comm'r, 12 Tax Ct.Mem. 232, Dec. 19, 499(M) (1953).

there was little possibility that any income would be forthcoming to the beneficiaries from the trusts in question. Under these circumstances, we hold that the income interest had no ascertainable value, and that the taxpayers cannot be allowed to assert a value for the income interest simply by using the actuarial tables of Treas.Reg. § 25.2512–5(c). *Van Den Wymelenberg, supra,* 397 F.2d at 443; *Fischer, supra,* 288 F.2d at 574; *Morgan, supra,* 42 T.C. at 1080; *Hamm, supra,* 20 CCH Tax Ct.Mem. at 1814; *Newmaker, supra,* 12 CCH Tax Ct.Mem. at 232. *See Mercantile-Safe, supra,* 311 F.Supp. at 670; *Pettus, supra,* 54 T.C. at 112. Rosen v. Comm'r, 397 F.2d 245 (4th Cir. 1968), cited and relied upon by appellant, is distinguishable. The district court opinion recites the facts in detail and demonstrates the correctness of the Government's position in this case. We, therefore, affirm on the basis of that opinion. Stark v. United States, 345 F. Supp. 1263 (W.D.Mo.1972).