GEORGE, JR. AND JOSEPHINE WUNDERLICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wunderlich v. Commissioner
Docket No. 3718-76.
United States Tax Court
T.C. Memo 1978-139; 1978 Tax Ct. Memo LEXIS 376; 37 T.C.M. (CCH) 601; T.C.M. (RIA) 780139; April 11, 1978, Filed Robert M. Tyle, for the petitioners. Joan B. Alexander, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *377 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $28.34 in petitioners' 1973 federal income tax. The sole issue for decision is whether petitioners are entitled to a deduction for charitable contributions pursuant to section 170 in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1973 federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided in Corning, New York. Petitioners and their two children attend church on a regular basis. During 1973, they attended three different churches (all of the same denomination) and made contributions to each of them in cash or by check. The church which they attended most frequently maintained an envelope system which entitled donors to a receipt for their contributions. Petitioners, however, did not utilize the envelope system. In addition to donating money to the churches, petitioners gave cash to various civic and charitable organizations which solicited donations door-to-door. *378 Mrs. Wunderlich also made several charitable contributions to a hospital organization during 1973. Petitioner George Wunderlich, Jr. maintained a diary at his office (and which he often brought home) in which he made notations regarding, among other things, charitable contributions. Such notations purported to disclose the donees, the amounts of the contributions, and the methods of payments. Prior to having his 1973 federal income tax return prepared by his accountant, Mr. Wunderlich reviewed his diary and compiled a list of the charitable donations noted therein. He discussed the list and the diary with his accountant, who used both items in determining the amount of charitable contributions petitioners would claim. On their joint 1973 federal income tax return, petitioners claimed a charitable contribution deduction under section 170 in the amount of $1,087, as follows: Cash contributions evidenced
by receipts
$136.00
Other contributions
Cancer fund
15.00
Christmas seals
5.00
Easter Seals
5.00
Church
680.00
Girl Scouts
5.00
Boy Scouts
5.00
Heart Fund
5.00
March of Dimes
5.00
Red Cross
5.00
Mass cards
30.00
Holy days (8 at $5 each)
40.00
Lent ( $30 + $10)
40.00
Bishop relief
50.00
Salvation Army
10.00
Misc. Organized Charities
26.00
Hospital Chapter "L"
25.00
*379 Respondent determined that petitioners failed to substantiate all but $218 of their alleged contributions. OPINION The issue here is purely factual. Petitioners, of course, have the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To establish their entitlement to a charitable contributions deduction in excess of the $218 allowed by respondent, petitioners rely, almost entirely, upon the diary maintained by petitioner George Wunderlich, Jr. [3] But the diary is not entitled to full weight. Mr. Wunderlich kept the diary at his office. Unless he had taken the diary with him, the entries he made in it with respect to transactions at home and at other places away from his office were not made contemporaneously and depended upon his recollections as much as a day or two later. Entries made with respect to Mrs. Wunderlich's contributions were made by Mr. Wunderlich on the basis of what Mrs. Wunderlich told him and were dependent upon her recollections, as well. Further, such self-serving documentation is not totally reliable. See Berzon v. Commissioner,63 T.C. 601, 607 (1975), *380 affd. 534 F.2d 528 (2d Cir. 1976). Petitioners did not obtain receipts or other documentation to substantiate their alleged contributions to the extent that they should have. See sec. 1.170-1(a)(3)(iii), Income Tax Regs. Still, we are required to make an approximation of the amount of their qualifying charitable contributions in accordance with our best judgment. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930); see Mennuto v. Commissioner,56 T.C. 910, 923-924 (1971). All in all, and bearing heavily against petitioners, whose inexactitude is of their own making, we believe and therefore hold that they are entitled to a charitable contribution deduction in the amount of $650. * * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners' 1973 tax return was also in evidence, but the return is merely a statement of the petitioner's claim and does not establish the facts contained therein. Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051↩ (1957).