ORVAL E. AND MAE B. VIESELMEYER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vieselmeyer v. Commissioner
Docket No. 1940-76.
United States Tax Court
T.C. Memo 1978-315; 1978 Tax Ct. Memo LEXIS 199; 37 T.C.M. (CCH) 1317; T.C.M. (RIA) 78315; August 14, 1978, Filed Robert M. Tyle, for the petitioners. Joan B. Alexander, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *200 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 154.35 in petitioners' 1972 federal income tax. Concessions having been made by petitioners, the sole question presented is to what extent, if any, petitioners are entitled under section 170 to a deduction for charitable contributions in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1972 federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided in Elmira, New York. During 1972, petitioners attended church on a regular basis. They made their regular contributions to the church in cash, using an envelope system which entitled donors to a receipt for their donations. Petitioners received a receipt for $ 686 for 1972, which amount respondent allowed as a deduction. Petitioners also contributed amounts of cash in connection with other church solicitations and activities, such as the Sunday school. They did not utilize the envelope system for those contributions *201 and received no receipts. In addition to donating money to their church, petitioners gave some cash to various civic and charitable organizations. They received no receipts for those donations. Petitioner Orval E. Vieselmeyer (hereinafter referred to as Orval) maintained a pocket calendar at his office in which he made notations regarding, among other things, charitable contributions. Such notations purported to disclose the donee, the date, and the amount of each contribution. Orval usually made each notation several days, but no more than one week, after the contribution was made. If his wife, petitioner Mae B. Vieselmeyer, made a charitable donation, she informed Orval of the amount, date, and donee, and he recorded what she told him on the calendar. Petitioners and their accountant referred to the calendar in preparing their 1972 tax return. On their joint 1972 federal income tax return, petitioners claimed a charitable contribution deduction under section 170 in the amount of $ 1,037. Respondent determined that petitioners failed to substantiate all but $ 686 of the claimed deduction. OPINION The issue here is purely factual. Petitioners, of course, have the burden *202 of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To establish their entitlement to a charitable contribution deduction in excess of the amount allowed by respondent, petitioners rely, almost entirely, upon the calendar Orval maintained at his office.[3] However, the calendar is not entitled to full weight. Orval kept the calendar at his office. Unless he had taken the calendar with him, the entries he made on it with respect to transactions at church and at other places away from his office were not made contemporaneously and depended upon his recollections as much as several days later. Entries recorded with respect to contributions made by his wife were made by Orval on the basis of what she told him and were dependent upon her recollections, as well. Further, such self-serving documentation is not totally reliable. See Berzon v. Commissioner,63 T.C. 601, 607 (1975), affd. 534 F.2d 528 (2d Cir. 1976); Wunderlich v. Commissioner,T.C. Memo. 1978-139. *203 Petitioners did not obtain receipts or other documentation to substantiate their alleged contributions to the extent that they should have. See sec. 1.170A-1(a)(2)(iii), Income Tax Regs. Still, we are required to make an approximation of the amount of their qualifying charitable contributions in accordance with our best judgment. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930); see Mennuto v. Commissioner,56 T.C. 910, 923-924 (1971). All in all, and bearing heavily against petitioners, whose inexactitude is of their own making, we believe and therefore hold that they are entitled to a total charitable contribution deduction for 1972 in the amount of $ 850. * * *
In accordance with the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners' 1972 tax return was also in evidence, but the return is merely a statement of petitioners' claim and does not establish the facts contained therein. Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051↩ (1957).