DAVID L. AND HARRIET S. BUCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buck v. Commissioner
Docket Nos. 1954-76, 10339-77.
United States Tax Court
T.C. Memo 1978-324; 1978 Tax Ct. Memo LEXIS 193; 37 T.C.M. (CCH) 1342; T.C.M. (RIA) 78324; August 16, 1978, Filed Robert M. Tyle, for the petitioners. George W. Connelly, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These consolidated cases were assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE
FALK, Special Trial Judge: Respondent determined deficiencies of $ 424.13 and $ 424.18 in petitioner's federal income taxes for 1972 and 1975, respectively. *195 Concessions having been made, the issues remaining for decision are: (1) To what extent, if any, petitioners are entitled under section 170 to deductions in excess of the amounts allowed by respondent for charitable contributions made in 1972 and 1975; (2) to what extent, if any, petitioners are entitled under section 162 to deductions for business travel expenses incurred in 1972 and 1975; (3) to what extent, if any, petitioners are entitled under section 164 to a deduction in excess of the amount allowed by respondent for gasoline taxes paid in 1972; and (4) to what extent, if any, petitioners are entitled under section 163 to a deduction in excess of the amount allowed by respondent for interest paid on installment purchases in 1972. FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. Petitioners filed their joint 1972 and 1975 federal income tax returns with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided in Painted Post, New York. Issue 1. Charitable contributions
During 1972 and 1975 petitioner Harriet S. Buck (hereinafter referred to as Harriet) and her *196 daughter attended church on a regular basis. They usually went to services on Wednesday and Sunday evenings, on Sunday mornings, and on holidays. Harriet and her daughter also attended weekly Sunday school sessions. Petitioner David L. Buck (hereinafter referred to as David) frequently attended services in 1975. Petitioners made cash contributions to the church whenever they attended services. In 1975, they contributed larger amounts of cash to the church as their tithe. Harriet also donated cash to the Sunday school program. The church petitioners attended maintained an envelope system which entitled donors to a receipt for their contributions. Petitioners utilized the envelope system for their tithe, but not for the other cash contributions. Consequently, they received no receipts for these smaller donations. Petitioners did, however, maintain a kitchen calendar on which they made notations regarding, among other things, charitable contributions. In addition to donating money to the church, petitioners gave cash to various civic and charitable organizations. They received no receipts for these donations. On their joint 1972 and 1975 federal income tax returns, petitioners *197 claimed a charitable contribution deduction under section 170 in the amounts of $ 226 and $ 1,428, respectively. Respondent determined that for 1972 petitioners failed to substantiate their claimed contributions in any amount, but allowed a deduction of $ 78 based on audit guidelines. For 1975, respondent disallowed $ 290 of the claimed deduction for lack of substantiation. He has since conceded, however, that petitioners are entitled to a charitable contributions deduction for 1975 in the amount of $ 86 in addition to the amount allowed in the statutory notice. Issue 2. Business Travel Expense
During the tax years in issue, David was employed as a carpenter by a construction company. He did finishing work on many homes at different locations. David drove his own pickup truck to the various job sites, because his employer did not provide him with transportation. David began each workday by driving his truck from his home to his employer's office to obtain his working instructions for the day. After obtaining the instructions, he drove to the job site either directly or by way of a building supply store where he stopped to purchase necessary building materials. He *198 frequently drove to more than one job site in the course of a day. In addition to hauling building materials to the job sites, David was required by his employer to store and transport various tools owned by his employer. During 1975, he supervised two other workers whom he transported from the office to their job sites and back again. David noted the mileage reading on the truck odometer prior to leaving and after returning home from the office each day. He computed the number of business miles he traveled each day by reducing his total daily mileage figure by one mile, which represented the commuting distance between his home and the office. David never left the job sites for breaks or lunch. He testified that he or Harriet recorded the number of business miles he traveled each day on the kitchen calendar. Petitioners tried to make these calendar notations daily. If they forgot, David later consulted the mileage records for that day which he kept in his truck and recorded those business miles on the calendar. On their joint 1972 and 1975 federal income tax returns, petitioners claimed a deduction under section 162 for transportation expenses incurred by David in the amount *199 of $ 1,777.68 and $ 1,759.65, respectively. The deduction for 1972 was computed on the basis of his traveling 14,814 business miles at 12 cents per mile. The deduction for 1975 was computed on the basis of his traveling 14,211 business miles at 15 cents per mile ($ 2,131.65) reduced by the amount of reimbursement he received from his employer ( $ 372). Respondent disallowed both claimed deductions in their entirety on the ground that petitioners did not adequately substantiate the amount of business miles David claims to have traveled. Issue 3. Gasoline Taxes
During 1972, petitioners owned an automobile in addition to the pickup truck David used for work. They estimated that they drove the automobile 25,000 miles that year. Petitioners lived in South Corning, New York, for most of 1972. In April, 1972, they commenced construction of a personal residence in Gang Mills, New York. The home was completed in December of that year. During this time, petitioners made numerous trips to and from Gang Mills, a distance of about eight or nine miles each way, to work on the house. They also drove their daughter to and from school.Petitioners used the car for shopping and errands *200 and drove to Pennsylvania twice each month, a round-trip distance of approximately 360 miles, to visit their parents. On their joint 1972 federal income tax return, petitioners claimed a deduction under section 164 for gasoline taxes in the amount of $ 194. Respondent estimated that petitioners drove 12,000 miles during 1972 and allowed a deduction of only $ 71. Issue 4. Interest on Installment Purchases
On their joint 1972 federal income tax return, petitioners claimed a deduction under section 163 for interest paid on installment purchases in the amount of $ 78.12. Petitioners frequently used their credit cards in making purchases. A part of the claimed deduction, however, represents interest charges on utility bills that were untimely paid. Respondent initially disallowed $ 62.09 of the claimed deduction for lack of substantiation. He has since conceded, however, that petitioners were entitled to an interest expense deduction of $ 33.73 in addition to the amount allowed in the statutory notice. OPINION The issues herein are purely factual. Petitioners, of course, have the burden of proving that respondent's determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); *201 Rule 142(a), Tax Court Rules of Practice and Procedure.
Issue 1. Charitable Contributions
To establish their entitlement to charitable contribution deductions in excess of the $ 78 and $ 1,224 [3] allowed by respondent for 1972 and 1975, respectively, petitioners rely, almost entirely, upon the notations they made on a kitchen calendar they maintained for each year in issue. [4] The calendars, however, are not entitled to full weight. Petitioners did not take the calendars to church with them and the notations appearing on them were not made contemporaneously with their contributions and depended upon petitioners' recollections, sometimes as much as a day or two later. Furthermore, such self-serving documentation is not totally reliable. See Berzon v. Commissioner,63 T.C. 601, 607 (1975), affd. 534 F.2d 528 (2d Cir. 1976); Wunderlich v. Commissioner,T.C. Memo. 1978-139. *202 Petitioners did not obtain receipts or other documentation to substantiate the alleged contributions in issue to the extent that they should have. Sec. 1.170A-1(a)(2)(iii), Income Tax Regs. Still, we believe that petitioners made charitable contributions in excess of the amounts allowed by respondent and we must make an approximation of those amounts in accordance with our best judgment. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930); see Mennuto v. Commissioner,56 T.C. 910, 923-924 (1971). All in all, and bearing heavily against petitioners, whose inexactitude is of their own making, we find and therefore hold that they are entitled to total charitable contribution deductions for 1972 and 1975 in the amounts of $ 150 and $ 1,300, respectively. Issue 2. Business Travel Expense
Section 162(a) allows as a deduction ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A taxpayer can be in the trade or business of being an employee. Primuth v. Commissioner,54 T.C. 374 (1970). A taxpayer who is required to provide transportation from one business location to another *203 business location may deduct the costs of that transportation. Heuer v. Commissioner,32 T.C. 947 (1959), affd. 283 F.2d 865 (5th Cir. 1960) (per curiam). Respondent denied petitioners a deduction for transportation expenses because they failed adequately to substantiate the number of business miles David claims to have traveled in 1972 and 1975. Petitioners attempted to prove the number of business miles David drove through his oral testimony under oath, corroborated by the kitchen calendars. We have found, supra, that the calendars are self-serving and are not to be accorded full weight. Here, too, the business mileage notations appearing on the calendars were not all made contemporaneously with the transportation in question and some were recorded by Harriet on the basis of what David told her. Furthermore, the mileage records that David allegedly maintained in his truck seem likely to be the most reliable documentary evidence, yet they were not produced at trial. Nevertheless, we found David's testimony to be candid and trustworthy. It is clear that his work required him to travel and that he incurred deductible transportation expenses *204 during the tax years in question. Based on the entire record, we find and therefore hold that petitioners are entitled to a deduction under section 162(a) for transportation expenses in the amounts of $ 1,200 and $ 1,128 for 1972 and 1975, respectively. Issue 3. Gasoline Taxes
Section 164(a)(5) permits a taxpayer to deduct state and local gasoline taxes paid during the taxable year. Respondent concedes that petitioners are entitled to a gasoline tax deduction under section 164(a)(5), but disagrees as to the amount of that deduction. Petitioners contend that they drove their automobile approximately 25,000 miles during 1972, while respondent estimates that they drove only 12,000 miles. Using our best judgment under the circumstances, we find and therefore hold that petitioners drove their automobile 16,000 miles during 1972. In addition, petitioners are entitled to a deduction for the gasoline taxes paid with respect to David's use of the truck to commute to and from work, a total distance of 260 miles. Petitioners maintained no mileage records for their automobile during 1972.They computed their total mileage merely by looking at the odometer prior to visiting their *205 accountant incident to the preparation of their 1972 federal income tax return. However, there is no probative evidence to indicate that petitioners did not check the odometer sometime after the close of the 1972 tax year. We have found that petitioners are entitled to a gasoline tax deduction under section 164(a)(5) based on a total of 16,260 miles. Prior to February 1, 1972, the State of New York imposed a tax of 7 cents per gallon on the sale of gasoline. N.Y. Tax Law (McKinney) sec. 284-a (1968). After February 1, 1972, the tax was increased to 8 cents per gallon. N.Y. Tax Law (McKinney) sec. 284-c (1972). Therefore, using the gasoline tax tables applicable in 1972, petitioners are entitled to a deduction for gasoline tax in the amount of $ 77. Issue 4. Interest on Installment Purchases
Section 163(a) authorizes a deduction for interest paid on indebtedness during the taxable year. Petitioners claimed a deduction of $ 78.12 for interest paid on installment purchases of which respondent has allowed or conceded $ 49.76. Petitioners produced no receipts or other written records to substantiate their claimed deduction in excess of that amount. Consequently, they *206 failed to satisfy the records requirement of section 6001 and section 1.6001-1(a), Income Tax Regs., which states, in pertinent part: * * * any person subject to tax under subtitle A of the Code [Income Taxes], * * * shall keep such permanent books of account or records, * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax * * *. [Emphasis supplied.] Petitioners argue that they have moved three times since 1972 and must have misplaced their records. However, at trial, they could not even recall which credit cards they owned and used in 1972. Inasmuch as petitioners have failed to meet their burden of proof on this issue, we must sustain respondent's determination as modified by his concession. * * *
In accordance with the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case. 3. Due to a mathematical error on petitioners' 1975 tax return, the amount in dispute for 1975 is $ 194, not $ 204. ↩
4. Petitioners' 1972 and 1975 tax returns were also in evidence, but the returns are merely a statement of petitioners' claim and do not establish the facts contained therein. Roberts v. Commissioner,62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner,28 T.C. 1034, 1051↩ (1957).