UNITED STATES of America, Appellant,

v.

Curtis ALLEN, Wharton Allen, George Nelson Allen, and The First National Bank of Colorado Springs, Executors of the Estate of Maria McKean Allen, Appellees.

No. 6601.

United States Court of Appeals Tenth Circuit.

July 26, 1961.

As Amended on Rehearing Aug. 22, 1961.

I. Henry Kutz, Washington, D. C. (Louis F. Oberdorfer, Lee A. Jackson and L. W. Post, Washington, D. C., were with him on brief), for appellant.

James A. Moore, Philadelphia, Pa. (Ben S. Wendelken, Colorado Springs, Colo., was with him on brief), for appellees.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment of the trial court awarding plaintiff-executors a refund for estate taxes previously paid.

The pertinent facts are that the decedent, Maria McKean Allen, created an irrevocable trust in which she reserved ⅗ths of the income for life, the remainder to pass to her two children, who are the beneficiaries of the other ⅖ths interest in the income. When she was approximately seventy-eight years old, the trustor-decedent was advised that her retention of the life estate would result in her attributable share of the corpus being included in her gross estate, for estate tax purposes. With her sanction, counsel began searching for a competent means of divesture, and learned that decedent's son, Wharton Allen, would consider purchasing his mother's interest in the trust. At that time, the actuarial value of the retained life estate, based upon decedent's life expectancy, was approximately $135,000 and her attributable share of the corpus, i. e., ⅗ths, was valued at some $900,000. Upon consultation with his business advisers, Allen agreed to pay $140,000 for the interest,

believing that decedent's actual life span would be sufficient to return a profit to him on the investment. For all intents and purposes, he was a bona fide third party purchaser—not being in a position to benefit by any reduction in his mother's estate taxes. The sale was consummated and, upon paying the purchase price, Allen began receiving the income from the trust.

At the time of the transfer, decedent enjoyed relatively good health and was expected to live her normal life span. A short time thereafter, however, it was discovered that she had an incurable disease, which soon resulted in her untimely death. As a result of the death, Allen ceased receiving any trust income and suffered a considerable loss on his investment.

The Internal Revenue Commissioner determined that ⅗ths of the corpus, less the $140,000 purchase money, should be included in decedent's gross estate because (1) the transfer was invalid because made in contemplation of death, and (2) the sale was not for an adequate and full consideration.[1]

Plaintiff-executors paid the taxes in accord with the Commissioner's valuation of the estate, and brought this action for refund, alleging that the sale of the life interest was for an adequate consideration; and that, therefore, no part of the trust corpus was properly includible in the gross estate.

The trial court held for plaintiffs, finding that the transfer was in contemplation of death, but regardless of that fact, the consideration paid for the life estate was adequate and full, thereby serving to divest decedent of any interest in the trust, with the result that no part of the corpus is subject to estate taxes.

Our narrow question is thus whether the corpus of a reserved life estate is removed, for federal estate tax purposes, from a decedent's gross estate by a transfer at the value of such reserved life estate. In other words, must the consideration be paid for the interest transferred, or for the interest which would otherwise be included in the gross estate?

■■ In one sense, the answer comes quite simply—decedent owned no more than a life estate, could not transfer any part of the corpus, and Allen received no more than the interest transferred. And, a taxpayer is, of course, entitled to use all proper means to reduce his tax liability. See Cravens v. C. I. R., 10 Cir., 272 F.2d 895, 898. It would thus seem to follow that the consideration was adequate, for it was in fact more than the value of the life estate. And, as a practical matter, it would have been virtually impossible to sell the life estate for an amount equal to her share in the corpus. Cf. Sullivan's Estate v. C. I. R., 9 Cir., 175 F.2d 657.

1. Decedent died and the controversy arose prior to adoption of the 1954 Internal Revenue Code. Therefore, the 1939 Code is applicable and pertinently provides:

"§ 811. Gross Estate

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States— * * *

(c) Transfers in contemplation of, or taking effect at, death

(1) General Rule. To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

(A) in contemplation of his death; or
(B) under which he has retained for his life * * *

(i) the possession or enjoyment of, or the right to the income from, the property * * *

(ii) Transfers for insufficient consideration.

If any one of the transfers, trusts, interests, rights, or powers, enumerated and described in subsection (c) * * * is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration re-

It does not seem plausible, however, that Congress intended to allow such an easy avoidance of the taxable incidence befalling reserved life estates. This result would allow a taxpayer to reap the benefits of property for his lifetime and, in contemplation of death, sell only the interest entitling him to the income, thereby removing all of the property which he has enjoyed from his gross estate. Giving the statute a reasonable interpretation, we cannot believe this to be its intendment. It seems certain that in a situation like this, Congress meant the estate to include the corpus of the trust or, in its stead, an amount equal in value. I. e., see Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604; C. I. R. v. Wemyss, 324 U.S. 303, 65 S.Ct. 652, 89 L.Ed. 958; C. I. R. v. Estate of Church, 335 U.S. 632, 69 S.Ct. 322, 93 L.Ed. 288.[2]

The judgment of the trial court is therefore reversed and the case is remanded for further proceedings in conformity with the opinion filed herein.

BREITENSTEIN, Circuit Judge (concurring in result).

Section 811 of the 1939 Internal Revenue Code provides for the determination of the value of the gross estate of a decedent for federal estate tax purposes. Among other things, it requires [1] the inclusion of property "(1) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust * * * (B) under which he has retained for his life or for any period not ascertainable without reference to his death (i) * * * the right to income from, the property * * * *."

Trustor-decedent in 1932 created an irrevocable trust and received no consideration therefor. She retained for life the right to income from ⅗ths of the property which she placed in the trust. By the plain language of the statute that portion of the property held in the trust and devoted to the payment to her of income for life is includible within her gross estate. Such property is an "interest" of which she made a transfer with the retention of income for life.

The fact that the transfer of the life estate left her without any retained right to income from the trust property does not alter the result. As I read the statute the tax liability arises at the time of the inter vivos transfer under which there was a retention of the right to income for life. The disposition thereafter of that retained right does not eliminate the tax liability. The fact that full and adequate consideration was paid for the transfer of the retained life estate is immaterial. To remove the trust property from inclusion in decedent's estate there must be full and adequate consideration paid for the interest which would be taxed. That interest is not the right to income for life but the right to the property which was placed in the trust and from which the income is produced.

As the 1932 trust was irrevocable, trustor-decedent could thereafter make no unilateral transfer of the trust property. Granting that she could sell her life estate as that was a capital asset

---

ceived therefor by the decedent." 26 U.S. C.A. § 811.

2. In his treatise, Cutting the "Strings" on Inter Vivos Transfers in Contemplation of Death, 34 Minnesota Law Review 57, 70, 71, Professor Lowndes says:

"(T)he adequacy of the consideration which will prevent a tax when an incident of ownership in connection with a taxable inter vivos transfer is relinquished in contemplation of death, will be measured against the value of the interest which would be taxable apart from the transfer in contemplation of death,

rather than the property interest which is transferred. * * * (T)he determination of what interest is transferred in contemplation of death and what is adequate consideration to prevent a transfer in contemplation of death from being taxable, should be made on the basis of the tax effect of the transfer and the effect of the consideration on the transferor's taxable estate, rather than by the comparatively irrelevant rules of property law."

1. Int.Rev.Code of 1939, § 811(c) (1) (B) (i).

owned by her,[2] such sale has no effect on the includibility in her gross estate of the interest which she transferred in 1932 with the retention of the right to income for life.

For the reasons stated I would reverse the judgment with directions to dismiss the case.

---

2. Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 12, 57 S.Ct. 330, 81 L. Ed. 465.