George S. **GRADOW,**
**Plaintiff–Appellant,**

v.

The UNITED STATES,
**Defendant–Appellee.**

No. 89–1377.

United States Court of Appeals,
Federal Circuit.

March 1, 1990.

---

Melvin H. Morgan, Janin, Morgan & Brenner, San Francisco, Cal., argued for plaintiff-appellant. With him on the brief was Kathleen A. Miller.

Robert W. Metzler, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and Robert S. Pomerance.

1. After the grant of partial summary judgment, the parties stipulated to certain facts which make a remand for further proceedings unnecessary.

2. A more complete version of the facts is provided in the Claims Court opinion at 11 Cl.Ct. at 809.

3. According to Gradow's position, the entirety of the corpus of the trust passed to him under his father's will and his mother's estate escaped taxes on any part of the corpus.

Before MARKEY, Chief Judge, and RICH and NIES, Circuit Judges.

NIES, Circuit Judge.

George S. Gradow (executor) appeals from the final judgment of the United States Claims Court, *Gradow v. United States*, 11 Cl.Ct. 808 (1987) (Bruggink, J.), granting the government partial summary judgment and dismissing his claim for a tax refund.[1] We affirm.

## BACKGROUND [2]

Betty and Alexander Gradow resided in the community property state of California. When Alexander died, he left a "Last Will And Testament" by which he intended to dispose of both his and Betty's interest in their community property. Under Alexander's will, Betty had the option to reject the will and receive only her share of the community property, or to transfer her portion of the community property into a trust consisting of the community property of both spouses from which she would receive all the income for life. Betty elected the latter.

Approximately 15 months after making her election Betty died. Her son George, as executor, filed an estate tax return. The return referred to the trust established under Alexander's will, but it did not include any of the trust assets within Betty's taxable estate.[3]

The Commissioner of Internal Revenue asserted a deficiency in Betty's estate taxes for failure to include the value of the property she contributed to the trust as required by 26 U.S.C. § 2036(a) (1982).[4]

4. Section 2036(a) of title 26 pertains to "Transfers with retained life estate" and states in pertinent part:

*(a) General rule*

The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer *(except in case of a bona fide sale for an adequate and full consideration in money or money's worth),* by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any

The Commissioner allowed credit against that amount (determined to be principally the value of a life estate in Alexander's half of the trust corpus) as provided under 26 U.S.C. § 2043 (1982).[5] The executor paid the deficiency and subsequently filed a claim for refund with the Commissioner. The executor maintains that the transfer by Betty to the trust falls within the exception provided in § 2036, namely that the transfer of Betty's property to the trust was a bona fide sale for adequate and full consideration. Upon denial of the claim, the executor sued in the Claims Court.

## OPINION

Section 2036(a) provides generally that the value of a gross estate shall include the value of all property transferred in which a decedent has retained a life interest. Pursuant to the election, Betty transferred her half of the community property to the trust, retaining a life interest in what she transferred. Accordingly, under the general operation of section 2036(a), the value of the community property Betty transferred to the trust would be brought into her estate as she made a transfer with a retained life interest. If, however, the transfer of the property with a retained life interest is a "bona fide sale for an adequate and full consideration in money or money's worth," it is entirely excluded from the operation of section 2036(a). Thus, if that exception applies to Betty, the value of the property she transferred

would not be included in her gross estate for federal estate tax purposes.

At issue here is whether there was such a "bona fide sale for an adequate and full consideration." In determining whether "adequate and full consideration" existed, the Claims Court sought to identify and value the halves of the "sale." With respect to the consideration flowing to Betty, it was determined that Betty received, at a minimum, a life income in her husband's share of the community property.[6] The dispute below, and again on appeal, focused on whether the consideration flowing from Betty was simply the value of her remainder interest in half of the community property (the executor's position), or the value of half of the community property, *i.e.*, one half of the fee (the government's position).[7] The Claims Court held for the government, ruling that "[f]or the purposes of evaluating whether [Betty's] election constituted full and adequate consideration within the meaning of § 2036(a), the consideration flowing from Betty Gradow consists of the property which would otherwise have been included in her gross estate by virtue of her retention of a life estate— i.e., her half of the community property." 11 Cl.Ct. at 816.

The Claims Court found support for its interpretation of the exception in section 2036(a) in decisions of the Ninth and Tenth Circuits, the Tax Court, and, from a policy standpoint, the Supreme Court.[8] Although not bound by the decisions of the Tax Court and other Circuits, we, like the

---

period which does not in fact end before his death—
    (1) the possession or enjoyment of, or the right to the income from, the property.
26 U.S.C. § 2036(a) (1982) (emphasis added).

**5.** Section 2043 of title 26 pertains to "Transfers for insufficient consideration" and it provides in pertinent part:
    *(a) In general*
    If any one of the transfers, trusts, interests, rights, or powers enumerated and described in sections 2035 to 2038, inclusive, and section 2041 is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the

gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration received therefor by the decedent.

**6.** One of the aforementioned stipulated facts was the net consideration received by Betty pursuant to her election; that amount is $234,-767.00.

**7.** Another fact stipulated to by the parties is the value of Betty's share of the residuary trust under Alexander's will; that amount is $444,-641.00.

**8.** The court also considered the plain meaning and legislative history of section 2036(a) and pertinent law review articles.

Claims Court, are persuaded by their reasoning.

The executor argues here that in requiring the consideration flowing from Betty be equal to the combined value of income interest retained plus the remainder transferred, commercial common sense, normal rules of statutory interpretation, the legislative history of section 2036(a), and the long-term understanding of what constitutes "adequate consideration" are all violated. The executor has not convinced this court that such is the case. Its arguments are composed of general, conclusory statements by counsel not well grounded in fact or law. The Claims Court's well reasoned opinion indicates a complete consideration of the arguments raised here on appeal and we are unpersuaded of any legal error in the court's interpretation or application of section 2036(a). Accordingly, the judgment of the Claims Court is affirmed, and we adopt that court's more extensive analysis.

AFFIRMED.