Daniel N. PARKER, as Executor of
the Estate of Rachel N. Parker,
Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1:93–cv–1900–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 14, 1995.

Joseph Lefkoff, Douglas W. Duncan, Lefkoff Duncan Grimes & Dermer, Atlanta, GA, Donald B. DeLoach, William E. Frantz, Frantz Sanders & Grattan, Atlanta, GA, for plaintiff.

Sean O'Connor, U.S. Dept. of Justice, Washington, DC, for U.S.

### *ORDER*

SHOOB, Senior District Judge.

This action is before the Court on cross-motions for summary judgment. For the reasons stated below, the Court grants the Government's motion for summary judgment and denies plaintiff's motion for summary judgment.

*BACKGROUND*

Decedent, Rachel Neely, died on March 18, 1988 at the age of 78. She had been confined to a wheelchair since the late 1970's and had required full-time nursing care for several years prior to her death. About a year before she died, on March 10, 1987,[1] decedent

---

1. The date of the document in question was March 10, 1986; however, plaintiff contends that the date was a typographical error and should have been 1987. Whether the date was 1986 or 1987 is not relevant for purposes of the cross-motions for summary judgment.

agreed to transfer $350,000 to Trust Company Bank to be included in an investment fund. In return, she received the right to income for life from the fund, which totaled $897,666. Contributions of the additional $547,666 were to be made from three trusts, the Frank Neely Testamentary Trust, the Frank Neely Intervivos Trust and the Rachel S. Neely Trust. These trusts were the remaindermen in the fund.

The amount of decedent's contribution to the investment fund was calculated to equal approximately 80% of an amount[2] determined in accordance with I.R.C. § 2512 and the actuarial tables in I.R.C. Regulations § 25.2512–5 on the basis of decedent's life expectancy at the date the agreement was signed.

The decedent held both an income interest and a residual interest in the Frank Neely Trust. In addition, the trustee of the Rachel S. Neely Trust had sole discretion to distribute the corpus or income to the decedent for her care, comfort, support or education or to assist with family affairs. Trust Company Bank is the trustee of the fund and the three trusts.

The decedent received only $6,000 from the fund before her death. The estate did not include the value of the $350,000 in the gross estate. The Internal Revenue Service assessed additional taxes on the basis that the $350,000 should have been included in decedent's gross estate. The Executor of decedent's estate paid the assessed estate tax and timely filed a claim for refund. The claim for refund was denied and the Executor filed this action for a refund.

### CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff and the Government both move for summary judgment. Each claims that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Because the arguments in support of their respective summary judgment motions and in opposition to the other party's motion for summary judgment are inextricably intertwined, the Court will address the cross-motions simultaneously.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. At that point the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. In reviewing a motion for summary judgment, the Court must construe all factual inferences in the light most favorable to the non-moving party. *Palmer v. BRG of Georgia, Inc.*, 874 F.2d 1417, 1422 (11th Cir.1989). The requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

■ Under I.R.C. § 2036(a), when a person makes an inter vivos transfer in trust and reserves a life interest in the trust property until death, the property generally is included in the gross estate for federal estate tax purposes. However, § 2036(a) does not apply to a transfer that constitutes "a bona fide sale for an adequate and full consideration." The determination by the Internal Revenue Service that the $350,000 should be included in the gross estate has the presumption of correctness, and the petitioner has the burden of proving it to be wrong. *See Wickwire v. Reinecke*, 275 U.S. 101, 105, 48 S.Ct. 43, 44–45, 72 L.Ed. 184 (1927); *Estate of Whitt v. Commissioner*, 751 F.2d 1548, 1556 (11th Cir.1985), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 523, 88 L.Ed.2d 456 (1985); *Ireland v. United States*, 621 F.2d 731, 736 (5th Cir.1980).

The Government argues that the $350,000 should be included in decedent's gross estate

---

**2.** Accordingly to decedent's executor, this amount is equal to .48742 multiplied by $897,- 666, or $437,500.

for the following reasons: 1) the decedent did not receive full and adequate consideration for the $350,000; 2) the life estate received by decedent under the agreement was not capable of being valued; and 3) the decedent retained a beneficial interest in the property transferred.[3]

## Full and Adequate Consideration

■ First, the Government argues that decedent did not receive full and adequate consideration. The Government relies on *Estate of Frothingham v. Commissioner,* 60 T.C. 211, 215, 216, 1973 WL 2531 (1973), which states that the basic purpose of the "adequate and full consideration" exception is to relieve from estate and gift taxes a transfer in which the transferor receives consideration that will prevent depletion of his estate. Thus, such a transfer must be replaced by property of equal value that could be exposed to inclusion in the decedent's gross estate. *Id.* at 216.

The Government contends that the proper valuation method is that used in *Gradow v. United States,* 11 Cl.Ct. 808 (1987), *aff'd* 897 F.2d 516 (Fed.Cir.1990). In *Gradow,* decedent transferred her half of community property and received income for life derived from the entire community property. The issue in that case was how to determine whether the decedent had received "full and adequate consideration." The Government contended that the value of what decedent received must be compared to the interest which would otherwise be included in the gross estate—the entire value of her half of the community property. The decedent's representatives argued that she had transferred only the remainder interest in her half of the community property and therefore the value of what decedent received should be compared with the value of this remainder interest. The court in *Gradow* agreed with the Government.

According to *Gradow,* the value of what decedent received must be measured against the entire value of the property decedent transferred. Therefore, using the comparison set out in *Gradow* in this case, the value of what decedent received[4] must be measured against the entire value of the interest transferred. The Government argues that, because the value of what decedent received—$257,671—is less than $350,000, decedent did not receive adequate and full consideration and the 2036(a) exception does not apply.

■ While plaintiff criticizes the *Gradow* decision, plaintiff does not cite any cases which directly contradict the holding in *Gradow.*[5] This Court has some reservations about the correctness of *Gradow;* however, because the Internal Revenue Service is presumed correct and the petitioner has the burden of proving it to be wrong, the Court concludes that plaintiff has not met this burden. Therefore, the Court determines that the value of what decedent received must be measured against the entire value of the property decedent transferred. Because the decedent received $257,671, which is less

---

**3.** The Court need not and does not reach the third argument.

**4.** The Government calculated the value of what decedent received as follows: $547,666 (the amount transferred by the trusts into the fund) multiplied by .47049, the factor derived from the tables under I.R.C. § 2512 for a life interest for a person the age of decedent at the date of the agreement. Plaintiff, however, contends that the amount received should be calculated on the basis on a life estate in $897,666 (the entire amount of the corpus of the fund). Plaintiff also uses a slightly higher factor. On the basis of *U.S. v. Gordon,* 406 F.2d 332 (5th Cir.1969), the Court concludes that the Government's calculation is correct. (In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit before September 30, 1981).

In *Gordon,* the decedent and her husband had transferred community property into a trust and the decedent was to receive income for life from the trust. The Fifth Circuit stated that the measure for estate tax purposes of the consideration received by the decedent in exchange for the transfer of her half of the community property was the value of the right to receive income for life from the half of the trust corpus attributable to the husband's community property interest, not the entire corpus. *Gordon,* 406 F.2d at 343.

**5.** Plaintiff also claims that the transfer of the $350,000 does not even fall under § 2036 because it was allegedly not a transfer in which she retained a life interest, but was a purchase of an income interest in securities. Plaintiff cites no cases to support this contention and the Court is not persuaded by plaintiff's argument.

than the $350,000 transferred by decedent, decedent's transfer did not constitute "a bona fide sale for an adequate and full consideration" and the exception of § 2036(a) does not apply.

*Unmeasurability*

■ Next, the Government argues that the interest received by decedent is not capable of being measured and is therefore not adequate and full consideration. Specifically, the Government contends that the trusts' contribution of $547,666 came from the same corpus in which the decedent held an income and residual interest subject to the discretionary powers of the trustee and, therefore, the $547,666 represented funds which could have potentially been paid to the decedent. The Government claims that under these circumstances there is no way to allocate what was contributed by decedent and what was contributed by the other beneficiaries.

Plaintiff responds that decedent had no more than a nominal interest in the trusts which contributed the $547,666 and that a reduction of 20% was made in the purchase price of her income interest to deal with this.

The Court agrees with the Government that the interest which the decedent held in the trusts which contributed the $547,666 makes the consideration unmeasurable because, at least potentially, decedent could have received either income or the corpus of the $547,666. Therefore, decedent potentially received nothing in exchange for the $350,000.

For the reasons discussed above, the Court concludes that there is no genuine issue of material fact that decedent's transfer of $350,000 did not constitute "a bona fide sale for an adequate and full consideration" and, therefore, the exception of § 2036(a) does not apply. Thus, the Court grants the Government's motion for summary judgment and denies plaintiff's motion for summary judgment.

*CONCLUSION*

Accordingly, the Court GRANTS the Government's motion for summary judgment [# 11]; DENIES plaintiff's motion for summary judgment [# 12]; DENIES AS MOOT plaintiff's motion for oral argument [# 13]; and DISMISSES this action.

IT IS SO ORDERED.