105 T.C. No. 18


UNITED STATES TAX COURT


ESTATE OF ROSE D'AMBROSIO, DECEASED, VITA D'AMBROSIO, EXECUTRIX,
    Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6724-94.          Filed September 25, 1995.


        D transferred her remainder interest in stock for
    consideration equal to the value of that interest, and
    retained an income interest in the stock for life.
    Following D's death, E did not include the stock in D's
    gross estate for Federal estate tax purposes.  E argues
    that the stock is excludable from D's gross estate
    under the bona fide sale exception of sec. 2036(a),
    I.R.C., given the fact that D transferred the remainder
    interest for its fair market value.  <u>Held</u>: D's gross
    estate includes the value of the stock at D's death,
    less the amount that D received for the remainder
    interest.  The bona fide sale exception of sec.
    2036(a), I.R.C., is inapplicable to the facts at hand.

Harvey R. Poe, for petitioner.

Frank A. Racaniello, for respondent.


OPINION


LARO, Judge:  The parties submitted this case to the Court without trial.  Rule 122.  The Estate of Rose D'Ambrosio, Deceased (hereinafter Decedent's estate), Vita D'Ambrosio, Executrix (hereinafter the executrix), petitioned the Court to redetermine respondent's determination of an $842,391 deficiency in the Federal estate tax of Decedent's estate.  We must decide whether Decedent's gross estate for Federal estate tax purposes includes the value of 470 shares of preferred stock in which Decedent retained an income interest for her life, after she transferred the remainder interest in the stock for its fair market value.  We hold that Decedent's gross estate includes the date-of-death value of the stock, reduced by the value of the consideration she received in return for the remainder interest. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the date of Decedent's death. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background[1]

VAPARO, Inc. (Vaparo), is a closely held corporation organized under the laws of the State of New York. Vaparo was formed with one class of stock, one-half of which was owned by Decedent and one-half of which was owned by her son (Son). Vaparo was recapitalized on December 20, 1983, with three classes of stock. Each share of the first class, class A stock, was assigned a par value of $1. Each share of the second class, class B common stock, was valued at $0.[2] The third class, noncumulative convertible preferred stock, was assigned Vaparo's remaining value, giving each of the preferred shares a value of $5,000.

Immediately after Vaparo's recapitalization, its stock was owned as follows:

| Shareholder | Shares of Class A Stock | Shares of Class B Common Stock | Shares of Preferred Stock |
|---|---|---|---|
| Son | 50 | 5,000 | 500 |
| Decedent | 50 | 5,000 | 500 |

After the recapitalization, but before September 1, 1987, Decedent gave away all of her Vaparo stock, less 470 shares of

---

[1] The stipulations and attached exhibits are incorporated herein by this reference. Decedent resided (and her will was probated) in New Jersey. The executrix resided in Brooklyn, New York, when she petitioned the Court.

[2] Under the recapitalization, all future appreciation of Vaparo was assigned to the class B common stock.

her preferred stock.  On September 1, 1987, when Decedent was 80 years old, she and Vaparo agreed that Vaparo would buy the remainder interest in these 470 shares.  Under the agreement, Decedent sold Vaparo the remainder interest and retained the income interest in the shares for life.[3]  The remainder interest in the shares was worth $1,324,014 at the time of sale, and the total value of the shares was $2,350,000.[4]  Decedent received a private annuity worth $1,324,014, in consideration for the sale.

Decedent died on May 25, 1990, after receiving annuity payments totaling $592,078.  Decedent never sold, relinquished, or otherwise disposed of her income interest. Respondent

---

[3] Decedent reported $23,500 in dividends from Vaparo on her 1987 Federal income tax return.  For her 1988 through 1990 taxable years, Vaparo did not declare any dividends, and Decedent did not report any dividend income from Vaparo.

[4] The parties determined the value of the remainder interest in Decedent's preferred shares by multiplying the shares' fair market value by the appropriate remainder factor contained in the actuarial tables under sec. 20.2031, Estate Tax Regs.  As stipulated by the parties:  "The parties agree that this is a correct valuation of the remainder interest in the preferred stock."  In view of this stipulation, we need not and do not consider the value of Decedent's preferred shares from a factual viewpoint, including the related question of whether Decedent's reserved life estate in a noncumulative preferred stock from which she received no dividends following the transaction at issue actually had value.  Cf. Berzon v. Commissioner, 63 T.C. 601, 618-620 (1975), affd. 534 F.2d 528 (2d Cir. 1976).  The actuarial tables are presumptively correct, and the record that the parties agreed to does not require the conclusion that Decedent's use of the tables is "unrealistic and unreasonable" as in Froh v. Commissioner, 100 T.C. 1,4 (1993), affd. without published opinion 46 F.3d 1141 (9th Cir. 1995).

determined, and reflected in her notice of deficiency, that $1,757,922 of stock was includable in Decedent's gross estate for Federal estate tax purposes. This amount equals the fair market value of 470 shares of Vaparo preferred stock ($2,350,000), less the annuity payments received by Decedent ($592,078). Respondent has since conceded that the maximum amount includable in Decedent's gross estate with respect to the preferred stock is its $2,350,000 value, less the $1,324,014 value of the annuity.

## Discussion

We are faced in this case with a Federal estate planning technique intended to remove the value of property from Decedent's gross estate. We must decide whether the test of adequate and full consideration under section 2036(a) takes into account the value of the entire property, i.e., the fee interest, or merely the value of the remainder interest as determined under the valuation tables prescribed by respondent. See e.g., sec. 20.2031-7, Estate Tax Regs. Numerous articles have been written on this issue, and the legal commentators debate its resolution. Compare, e.g., Dodge, 50-5th T.M., Transfers with Retained Interests and Powers A-67 (1992) with 2 Casner, Estate Planning, sec. 6.15.2, at 149 n.6 (5th ed. 1988 & Supp. 1993).

Chapter 11 of the Internal Revenue Code imposes a Federal estate tax on the transfer of the taxable estate of a decedent who is a citizen or resident of the United States. Secs. 2001

and 2002.  A decedent's gross estate is determined by reference to part III of chapter 11.  Under this part, the value of the gross estate includes the value of all property to the extent of the decedent's interest therein on the date of death.[5]  Sec. 2033.

A decedent's gross estate also includes property that is subject to section 2036(a), which applies when a decedent makes an inter vivos transfer of property without adequate and full consideration and reserves an income interest in the property for life.  Section 2036(a) provides:

> General Rule.--The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life * * *
>
> (1) the possession or enjoyment of, or the right to the income from, the property * * *

Respondent argues that section 2036(a) requires that Decedent's gross estate include the value of 470 shares of Vaparo preferred stock, less the value of Decedent's annuity. Respondent argues that the "bona fide sale for adequate and full consideration" exception of section 2036(a) is inapplicable to the facts at hand because Decedent received consideration only

---

[5] This valuation is usually made at the time of death.  The executor, however, may elect to value a decedent's property as of an alternate valuation date, e.g., 6 months after death.  Sec. 2032.

for her remainder interest in the stock. According to the executrix, Decedent's gross estate does not include the value of any Vaparo preferred stock because, during her life, she sold the remainder interest in the stock for adequate and full consideration. The executrix argues that Gradow v. United States, 11 Cl. Ct. 808 (1987), affd. 897 F.2d 516 (Fed. Cir. 1990), the holding of which is contrary to her position, was wrongly decided by both the United States Claims Court and the Court of Appeals for the Federal Circuit.

According to the executrix' interpretation, section 2036(a) permits a taxpayer to remove the entire value of property from his or her gross estate by selling the remainder interest in the property for an amount equal to the value of the remainder interest. We do not agree. See Estate of Gregory v. Commissioner, 39 T.C. 1012 (1963). We do not believe that the bona fide sale exception of section 2036(a) allows Decedent's estate to avoid the Federal estate tax on the value of the preferred stock in which Decedent retained an income interest until her death. We find the executrix' reliance on a private letter ruling and technical advice memoranda misplaced. Sec. 6110(b)(1), (j)(3) (private letter rulings and technical advice memoranda are not precedential); Knapp v. Commissioner, 90 T.C.

430, 438 n.5 (1988), affd. 867 F.2d 749 (2d Cir. 1989).[6]  We also find that the executrix is mistaken in her reliance on the legislative history of section 2701, which was added to the Internal Revenue Code by section 11602(a) of the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388, 1388-491.  As observed by the U.S. Supreme Court:  "the views of one Congress as to the construction of a statute adopted many years before by another Congress have very little, if any, significance."  United States v. Southwestern Cable Co., 392 U.S. 157, 170 (1968) (quoting Rainwater v. United States, 356 U.S. 590, 593 (1958)).

In Gradow v. United States, supra, the U.S. Claims Court applied section 2036(a) to a case with facts similar to those of the case at hand.  In the Gradow case, the surviving spouse could elect under her husband's will to:  (1) Receive her one-half share of the couple's community property outright or (2) transfer her one-half interest to a trust that would hold all of the couple's community property, pay her all of the trust income during her life, and distribute the trust corpus to her son upon her death.  She made the latter choice and, following her death, her executor included none of the trust assets in her gross estate.  According to the executor, the estate included none of

---

[6] Nor are we bound by the opinions of commentators on which the executrix relies.

the trust's assets because the decedent's retained life interest was received in a transfer for adequate and full consideration under section 2036(a).  The Commissioner disagreed.  The Commissioner determined that the decedent's gross estate included the date-of-death value of the property which the decedent had contributed to the trust, less the value of the consideration that she received in return.  Agreeing with the Commissioner's position, the Claims Court held that the value of the decedent's transfer to the trust, namely her one-half share of the community property, was includable in her gross estate under section 2036(a), less the value of the consideration received by her in return for the transfer.  According to the court, the consideration flowing from the taxpayer consisted of her half of the community property and did not consist only of the remainder interest that was left to her son under the trust.  The Court of Appeals for the Federal Circuit affirmed, essentially for the reasons stated by the Claims Court.

In this Court, there is authority to a similar effect.  In Estate of Gregory v. Commissioner, supra, as in the Gradow case, the decedent's husband died and under his will gave her a "widow's election" whether to take her separate share of the community property outright or instead permit her share to pass to a testamentary trust, whereby she would acquire a life interest in all of their community property.  The decedent

elected the life interest, with the result that her community property worth approximately $65,000 went into the trust with her husband's share. The actuarial value of her income interest in her husband's share was approximately $12,000. The Court held that the decedent's election was a transfer with a retained life estate that was outside of the bona fide sale exception of section 2036(a). The Court compared the decedent's life interest in her husband's share against the larger amount that she had placed in trust. The Court stated: "The statute excepts only those bona fide sales where the consideration received was of a comparable value which would be includable in the transferor's gross estate." Id. at 1016.

Subsequently, in United States v. Past, 347 F.2d 7 (9th Cir. 1965), the Court of Appeals for the Ninth Circuit faced a comparable issue. In the Past case, pursuant to a divorce settlement, the community property of the decedent and her husband was transferred to a trust, in which the decedent received an income interest for life. Citing this Court's opinion in Estate of Gregory v. Commissioner, supra, the Court of Appeals rejected the argument of the decedent's estate that the decedent's transfer to the trust was excepted from section 2036(a) as a bona fide sale for adequate and full consideration. United States v. Past, supra at 12. Instead the court reasoned that the consideration received by the decedent from the trust

had to be measured against the total value of the property that she contributed to the trust, and not only against the value of the remainder interest in the property.  Given that the decedent transferred $243,989 in property to the trust in return for a life estate worth approximately $143,346, the Court of Appeals held that the decedent did not receive adequate and full consideration under section 2036(a).  Id. at 13-14; accord Parker v. United States, 75 AFTR 2d 2509, 95-1 USTC par. 60199 (N.D. Ga. 1995); Pittman v. United States, 878 F. Supp. 833 (E.D.N.C. 1994).

The Court of Appeals for the Tenth Circuit used analogous reasoning in United States v. Allen, 293 F.2d 916 (10th Cir. 1961).  In the Allen case, the decedent set up an inter vivos, irrevocable trust in which she retained 60 percent of the income for life, the other 40 percent passing to her two children who were also the beneficiaries of the remainder interest.  Advised that her retention of the life estate would cause the attributable part of corpus (valued at approximately $900,000) to be included in her gross estate for Federal estate tax purposes, the decedent sold her life interest to her son for $140,000, which was slightly greater than the $135,000 actuarial value of the interest.  The Commissioner determined that 60 percent of the corpus, less the $140,000 purchase price, was includable in the decedent's gross estate.  The executors disagreed.  According to

the executors, no part of the trust corpus was includable in the decedent's gross estate because the sale of the income interest was for adequate and full consideration.  After the District Court agreed with the executors' position, the Court of Appeals for the Tenth Circuit reversed.  According to the Court of Appeals:

> Our narrow question is thus whether the corpus of a reserved life estate is removed, for federal estate tax purposes, from a decedent's gross estate by a transfer at the value of such reserved life estate.  In other words, must the consideration be paid for the interest transferred, or for the interest which would otherwise be included in the gross estate?  [Id. at 917.]

In holding that the consideration must be paid for the interest that would otherwise be includable in the gross estate, the Court of Appeals first acknowledged the well-settled principle that a taxpayer may reduce his or her tax liability through any permissible means.  The Court of Appeals then found, however, that the decedent's transaction was not a permissible means under this principle.  The court stated:

> It does not seem plausible, however, that Congress intended to allow such an easy avoidance of the taxable incidence befalling reserved life estates.  This result would allow a taxpayer to reap the benefits of property for his lifetime and, in contemplation of death, sell only the interest entitling him to the income, thereby removing all of the property which he has enjoyed from his gross estate.  Giving the statute a reasonable interpretation, we cannot believe this to be its intendment.  It seems certain that in a situation like this, Congress meant the estate to include the corpus of the trust or, in its stead, an amount equal in value.  [Id. at 918; citations omitted.]

With this longstanding judicial precedent in mind, we are not persuaded by Decedent's estate's position in the instant case.  We conclude that the congressional mandate embodied in section 2036(a) requires that the property in question be included in Decedent's gross estate.  As observed by the Supreme Court in construing a predecessor of section 2036(a) in the context of transfers in trust:

> an estate tax cannot be avoided by any trust transfer except by a bona fide transfer in which the settlor, absolutely, unequivocally, irrevocably, and without possible reservations, parts with all of his title and all of his possession and all of his enjoyment of the transferred property. * * * [Commissioner v. Estate of Church, 335 U.S. 632, 645 (1949).]

The Court has also stated that section 2036(a):

> taxes not merely those interests which are deemed to pass at death according to refined technicalities of the law of property.  It also taxes inter vivos transfers that are too much akin to testamentary dispositions not to be subjected to the same excise. By bringing into the gross estate at his death that which the settlor gave contingently upon it, this Court fastened on the vital factor.  It refused to subordinate the plain purposes of a modern fiscal measure to the wholly unrelated origins of the recondite learning of ancient property law. * * * [Helvering v. Hallock, 309 U.S. 106, 112 (1940).]

Accordingly, the amount of consideration which is necessary to remove property from a gross estate under the bona fide sale exception of section 2036(a) is not determined merely by reference to the common law definition of contractual consideration, Merrill v. Fahs, 324 U.S. 308 (1945);

Commissioner v. Wemyss, 324 U.S. 303 (1945); Estate of Gregory v. Commissioner, 39 T.C. at 1016, or by the rules of the law of conveyance, Helvering v. Hallock, supra at 112; see Estate of Hartshorne v. Commissioner, 402 F.2d 592, 595 n.4 (2d Cir. 1968), affg. 48 T.C. 882 (1967); Estate of Frothingham v. Commissioner, 60 T.C. 211, 215-216 (1973). Rather, the consideration received is compared to the value of the property that would have been included in the gross estate if the transfer had not occurred. The bona fide sale exception applies when an interest in property is transferred for sufficient consideration to prevent the depletion of the transferor's gross estate for Federal estate tax purposes. See Estate of Gregory v. Commissioner, supra.

In the instant case, we conclude that Decedent's transfer of the remainder interest in her preferred stock does not fall within the bona fide sale exception of section 2036(a). Decedent's gross estate would be depleted if the value of the preferred stock, in which she had retained a life interest, was excluded therefrom. Decedent's transfer of the remainder interest was of a testamentary nature, made when she was 80 years old to a family-owned corporation in return for an annuity worth more than $1 million less than the stock itself. Given our conclusion that Decedent did not receive adequate and full consideration under section 2036(a) for her 470 shares of Vaparo preferred stock, we hold that her gross estate includes the date

of death value of that stock, less the value of the annuity. Sec. 2043(a); sec. 20.2043-1(a), Estate Tax Regs.  In so holding, we have considered all arguments made by the executrix and, to the extent not discussed above, have found them to be without merit.

To reflect concessions by the parties,

<u>Decision will be entered under Rule 155</u>.